IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| CEDRIC NICKERSON #681323 | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:12cv54 |
| GUILLERMO DELAROSA, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Cedric Nickerson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings, the Magistrate Judge issued a Report on February 14, 2012, recommending that the lawsuit be dismissed. The Magistrate Judge noted that Nickerson had filed at least three previous lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted, and he was consequently subject to the "three-strikes" bar of 28 U.S.C. §1915(g). Because Nickerson did not pay the full filing fee or show that he was in imminent danger of serious physical injury, the Magistrate Judge recommended that the lawsuit be dismissed.

Nickerson filed objections to the Magistrate Judge's Report on February 29, 2012. In his objections, he says that of the four cases listed as strikes by the Magistrate Judge, three of these should not count as strikes. He points to United States v. Cedric Webb aka Cedric Nickerson, 109 F.3d 768 (5th Cir., Feb. 24, 1997) (not selected for publication in the Federal Reporter), saying that this was an appeal from the denial of a motion for transcripts in a criminal proceeding;

1

Nickerson v. U.S. Marshal's Office, civil action no. 5:96cv235, which he says was an action under the Federal Tort Claims Act that was dismissed for failure to exhaust administrative remedies; and Nickerson v. Price, civil action no. 6:09cv160, which he says was "never accepted for filing" under 28 U.S.C. §1915(g) and thus cannot be counted as a strike. Nickerson also argues that Section 1915(g) is "an impermissible procedure that infringes on indigent prisoners' due process and equal protection and violates the ex post facto and bill of attainder clauses of the U.S. Constitution."

Nickerson appealed the dismissal of Nickerson v. Price, under appellate no. 09-40807. On August 3, 2010, the Fifth Circuit entered an order in that appeal expressly stating that Nickerson has three strikes and giving him 30 days from the date of entry of the order in which to pay the appellate filing fee of $455.00. This order counts as strikes the dismissals in Nickerson v. U.S. Marshal's Office, civil action no. 5:96cv235 (N.D.Tex., July 16, 1997); Nickerson v. Texas Supreme Court, civil action 2:03cv411 (S.D.Tex., Feb. 29, 2004); and Nickerson v. Klevenhagen, civil action no. 4:95cv4089 (S.D.Tex., September 23, 1997). When Nickerson failed to comply, the appeal was dismissed.

Because Nickerson has three strikes as determined by the Fifth Circuit, this Court need not consider whether or not United States v. Webb aka Nickerson or Nickerson v. Price were properly counted as strikes. The record clearly shows that he has three, as delineated by the Fifth Circuit, and this is all that is required to trigger operation of the "three strikes" bar of 28 U.S.C. §1915(g). To the extent that Nickerson's objections maintain that he does not have three strikes, his contention is without merit.

Nickerson also argues that Section 1915(g) is unconstitutional. This argument has been routinely rejected by the courts. Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997); Could v. Stotts, appeal no. 11-40550, 2011 WL 6845879 (5th Cir., December 29, 2011); Polanco v. Hopkins, 510 F.3d 152, 156 (2nd Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999). Nickerson's claim on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections have no merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 4) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff Cedric Nickerson is hereby DENIED *in forma pauperis* status and the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 21st day of March, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**